UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JIMMY LEE HOUSTON, | No. CV 10-8800 DMG (FFM) |
| Petitioner, | ORDER RE SUMMARY DISMISSAL OF ACTION WITHOUT PREJUDICE |
| v. | |
| PEOPLE OF THE STATE, | |
| Respondent. | |

On or about November 17, 2009, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). The Petition purports to be directed to a 2007 conviction sustained in the Superior Court for the County of Los Angeles. Petitioner purports to be stating four grounds for relief.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. *See Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). Petitioner alleges that he

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

currently has a petition for writ of habeas corpus pending in the California Superior Court. Accordingly, the exhaustion issue here is governed by the Ninth Circuit's holding and reasoning in *Sherwood v. Tompkins*, 716 F.2d 632 (9th Cir. 1983). There, the petitioner was seeking habeas relief on the ground that he had been denied his right to appointed counsel and free transcripts. Although the petitioner's state appeal from his conviction still was pending, the petitioner arguably had exhausted his state remedies with respect to the particular claim being raised in his federal habeas petition. The Ninth Circuit held that the federal habeas petition nevertheless had to be dismissed for failure to exhaust state remedies:

> [E]ven were Sherwood to have exhausted all his state remedies with respect to the denial of his appointed counsel and free transcript request, that would not be enough to satisfy the requirements of 28 U.S.C. §§ 2254(b) and (c). When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.
>
> As we explained in *Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969), even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question.

*Sherwood*, 716 F.2d at 634 (footnote and remaining citations omitted).

Other courts in this Circuit also have applied the *Sherwood* dismissal rule where the petitioner had a state habeas petition pending.  *See, e.g., Lockhart v. Hedgpeth*, No. C 08-2186 JSW (PR), 2008 WL 2260674, \*\*1 (N.D. Cal. May 30, 2008); *Craft v. Sisko*, No. CV 08-455-VBF (JWJ), 2008 WL 906438, \*1-\*2 (C.D. Cal. April 1, 2008); *McDade v. Board of Corrections*, No. C 07-5294 MJJ (PR), 2007 WL 3146736, \*1 (N.D. Cal. Oct. 25, 2007); *Hancock v. Marshall*, No. C 07-2644 CW (PR), 2007 WL 1521002, \*1 (N.D. Cal. May 24, 2007); *Kilgore v. Malfi*, No. C 07-340 SI (PR), 2007 WL 1471293, \*2-\*3 (N.D. Cal. May 17, 2007).

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGEMENT BE ENTERED ACCORDINGLY.

DATED: November 24, 2010

_____
DOLLY M. GEE
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge